**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| HUNTER MCFARLAND | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | C.A. NO.: 6:21-cv-317 |
| NEW PRIME, INC. and | § | |
| WILLIAM CHARLES MCCAMMON | § | |
| *Defendants* | § | |

## INDEX OF STATE COURT DOCUMENTS

| TAB | DOCUMENT | DATE |
|:---:|---|:---:|
| 1 | Plaintiff's Original Petition | March 1, 2021 |
| 2 | Defendants' Original Answer | March 26, 2021 |
| 3 | Defendants' First Amended Original Answer | March 29, 2021 |

*The index will be supplemented upon receipt of the state court's complete file.

1l0138

FILED
MCLENNAN COUNTY
3/1/2021 11:25 AM
JON R. GIMBLE
DISTRICT CLERK
Paige Edmundson

**CAUSE NO.** **2021-495-3** _____

| | | |
|---|---|---|
| HUNTER MCFARLAND | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| v. | § | MCLENNAN COUNTY, TEXAS |
| | § | |
| | § | |
| NEW PRIME, INC. AND | § | |
| WILLIAM CHARLES MCCAMMON | § | <u>74TH</u>   JUDICIAL DISTRICT |

## <u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Hunter McFarland, and complains of Defendants, NEW PRIME, INC. and William Charles McCammon, and for causes of action shows:

### Discovery Control Plan

1.    Plaintiff intends to conduct discovery pursuant to TEX. R. CIV. P. 190.4 (Level 3).

### Claim for Relief

2.    Plaintiff seeks damages pursuant to Tex. R. Civ. P. 47(c)(4) of monetary relief over $1,000,000.

### Parties

3.    Plaintiff, Hunter McFarland, is a resident and citizen of Robinson, McLennan County, Texas.

4.    Defendant, NEW PRIME, INC., is an entity licensed to do business in the State of Texas, but has its principal place of business in the State of Missouri. Plaintiff reserves the right pursuant to Tex. R. Civ. P. 28 to substitute the true name of any business organization involved in the management or operation of Defendant NEW PRIME, INC. NEW PRIME, INC., may be served with process by serving its registered agent, Incorp

**TAB 1**

Services, Inc., 815 Brazos Suite 500 Austin, Texas 78701, at that address or wherever it may be found.

5.      Defendant William Charles McCammon is an individual who is a resident and citizen of Horn Lake, DeSoto County, Missouri.   His last known address is 4089 Penwell Drive, Horn Lake, DeSoto County, Missouri 38637. Defendant William Charles McCammon is a non-resident of the State of Texas. By virtue of the operation of a motor vehicle on the public roads of Texas as more particularly described below, the Defendant William Charles McCammon has appointed the Chairman of the Texas Transportation Commission as its agent on whom citation may be served in accordance with Section 17.061 et seq. of the Texas Civil Practice and Remedies Code. J. Bruce Bugg, Jr. is the Chairman of the Texas Transportation Commission and may be served with process at 125 E. 11th Street, Austin, Texas 78701. Immediately after being served, the Chairman by properly addressed letter shall mail to William Charles McCammon, at the mailing address provided above:

      (1)   A copy of the process; and

      (2)   Notice that the process has been served on the Chairman.

The Notice and copy of the process will be sent to William Charles McCammon, by certified mail, return receipt requested with the postage pre-paid.

## Jurisdiction and Venue

6.      This Court has jurisdiction over the parties and the subject matter of the cause. The Plaintiff is a resident and citizen of Texas. The defendants are doing business and have committed torts in Texas, and the amount in controversy is within the jurisdictional limits of the Court.

2

Copy from re:SearchTX

7.      Venue is proper in McLennan County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §15.002. The collision which gives rise to this claim occurred in McLennan County, Texas.

### Facts and Claims

8.      On or about April 4, 2019, Defendant McCammon was driving a Freightliner tractor owned by NEW PRIME, INC., towing a box trailer also owned by NEW PRIME, INC. in the course and scope of his employment with NEW PRIME, INC. Defendant McCammon was traveling northbound on Jewell Drive approaching a stop-sign at Jewell Drive and Imperial Drive in Waco, Texas.   Imperial Drive is a 4-lane, 2-way road in a busy industrial district. Defendant McCammon failed to stop at the stop-sign-due to either, or a combination of, his high rate of speed, driver distraction or inattention, or being in a hurry to meet his delivery and/or pickup schedule. Skid marks on the road showed that Defendant McCammon failed to stop at the stop sign, struck Plaintiff McFarland's vehicle, went across Imperial Drive, into the bushes, and finally stopped in the parking lot of the Reynolds Company. Plaintiff Hunter McFarland had been driving his Chevy C1500 pickup westbound on Imperial Drive.   Plaintiff McFarland did not have a stop sign on Imperial Drive and had the right of way.   Due to Defendant McCammon's failure to stop at the stop sign and his high rate of speed, Defendant McCammon's tractor-trailer suddenly and without warning struck Mr. McFarland's vehicle. Shown below is a view of the intersection in question, seen from McCammon's perspective as he approached the clearly visible stop sign controlling the intersection. The fact that McCammon blew through this stop sign at a high rate of speed indicates that McCammon either intentionally or grossly negligently ignored the stop sign, causing the collision in question.

3

Copy from re:SearchTX



9.     On the occasion in question, Defendant McCammon operated his motor vehicle in

a negligent manner because he violated the duty owed to the Plaintiff to exercise ordinary

care in the operation of said motor vehicle. Such negligence includes, but is not limited to,

these particulars:

      a.     Failure to stop and yield right of way at a stop sign;

      b.     Being inattentive and/or distracted while driving;

      c.     Driving at an unreasonably high speed for the conditions;

      d.     Failure to control speed;

      e.     Failure to properly apply his brakes;

      f.     Operating his motor vehicle in a dangerous manner;

      g.     Failure to obey traffic laws;

      h.     Failure to keep a proper look out.

Each of the above acts and omissions, singularly or in combination with others, constitute

4

negligence, gross negligence, and/or negligence per se and proximately caused the occurrence made the basis of this action and injured Plaintiff McFarland.

10.    Defendant McCammon violated the rules of the road, specifically Texas Transportation Code:

**§545.153. Vehicle Entering Stop Or Yield Intersection.**

      (a)    Preferential right-of-way at an intersection may be indicated by a stop sign or yield sign as authorized in Section 544.003.

      (b)    Unless directed to proceed by a police officer or official traffic-control device, an operator approaching an intersection on a roadway controlled by a stop sign, after stopping as required by Section 544.010, shall yield the right-of-way to a vehicle that has entered the intersection from another highway or that is approaching so closely as to be an immediate hazard to the operator's movement in or across the intersection.

11.    Defendant McCammon violated the rules of the road, specifically Texas Transportation Code:

**§545.351. Maximum Speed Requirements.**

(a)    An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b)    An operator:

      (1)    may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

5

Copy from re:SearchTX

    (2)    shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

  (c)    An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if…

    (5)    a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

12.    Defendant McCammon violated the rules of the road, specifically Texas Transportation Code:

**§545.401. Reckless Driving.**

  (a)    A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

13.    Each of the above listed violations of the Texas Transportation Code constitute negligence per se and/or gross negligence and proximately caused the occurrence made the basis of this action and the injuries to the Plaintiff.

14.    Because William Charles McCammon was acting within the course and scope of his employment or agency relationship with NEW PRIME, INC., NEW PRIME, INC., is vicariously liable for the negligence and/or gross negligence of William Charles McCammon that caused the injuries of the plaintiff.

### Damages

15.    As a result of the negligent and/or unlawful conduct of Defendants NEW PRIME, INC. and McCammon, Plaintiff McFarland suffered bodily injuries and is entitled to

Copy from re:SearchTX

recover damages for those injuries within the jurisdictional limits of the Court. The damages suffered by Plaintiff McFarland include but are not limited to the following:

a.  Physical pain and mental anguish in the past;

b.  Physical pain and mental anguish that, in reasonable probability, he will suffer in the future;

c.  Physical impairment in the past;

d.  Physical impairment that, in reasonable probability, he will suffer in the future;

e.  Medical expenses incurred in the past;

f.  Medical expenses that, in reasonable probability, he will incur in the future;

g.  Loss of earning capacity of Hunter McFarland in the past; and

h.  Loss of earning capacity that, in reasonable probability, Hunter McFarland will incur in the future.

**Gross Negligence**

16.   The act of driving a semi-tractor pulling a trailer through a stop sign across a heavily traveled road in a busy industrial district without stopping due to distraction, inattention, and/or haste to meet a busy schedule is extremely risky considering the probability and magnitude of the potential harm to the driving public.

16.   The act of driving a semi-tractor pulling a trailer through a stop sign across a heavily traveled road in a busy industrial district without stopping due to distraction, inattention, and/or haste to meet a busy schedule produced a likelihood of serious injury to the driving public in general and resulted in the severe injuries to Plaintiff McFarland.

7

Copy from re:SearchTX

17.     Defendants NEW PRIME, INC. and McCammon had actual subjective awareness of the risks to the motoring public of the act of driving a semi-tractor pulling a trailer through a stop sign across a heavily traveled road in a busy industrial district without stopping due to distraction, inattention, and/or haste to meet a busy schedule, but proceeded with conscious indifference to the rights, safety, or welfare of the motoring public.

### Gross Negligence Damages

18.     Plaintiff is entitled to collect exemplary damages as a result of gross negligence of the Defendants.

### Demand For Jury Trial

19.     Plaintiff demands a trial by jury on all issues herein set forth.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Hunter McFarland requests that Defendants, NEW PRIME, INC. and William Charles McCammon, be cited to appear and answer, and that on final trial Plaintiff has judgment against Defendants for:

a.     Actual damages;

b.     Exemplary damages;

c.     Pre-judgment interest;

d.     Post-judgment interest;

Copy from re:SearchTX

Respectfully submitted,

**LUCE LAW FIRM**

By: _Derrel Luce_

Derrel Luce
State Bar Number: 12664800
derrel@lucefirm.com
4600 Bosque Blvd., Suite 2B
Waco, Texas   76710
Phone: (254) 772-6853
Facsimile: (254) 772-8884

Brandon Luce
State Bar Number: 24049236
brandon@lucefirm.com
4600 Bosque Blvd., Suite 2B
Waco, Texas   76710
Phone: (254) 772-6853
Facsimile: (254) 772-8884

**Attorneys for Plaintiffs**

Copy from re:SearchTX

FILED
MCLENNAN COUNTY
3/26/2021 11:04 AM
JON R. GIMBLE
DISTRICT CLERK

Rosa Perez

CAUSE NO.:  2021-495-3

| | | |
|---|---|---|
| HUNTER MCFARLAND, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | 74th JUDICIAL DISTRICT |
| | § | |
| NEW PRIME, INC. | § | |
| and WILLIAM CHARLES MCCAMMON, | § | |
| Defendants. | § | MCLENNAN COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

COME NOW NEW PRIME, INC. and WILLIAM CHARLES MCCAMMON ("Defendants") and files this Original Answer to Plaintiff's Original Petition in the above-styled and numbered case, and would respectfully show unto the Court the following:

## GENERAL DENIAL

1.      As is authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the credible evidence.

## AFFIRMATIVE DEFENSES

2.      Defendants plead they are entitled to submission and consideration of Plaintiff's recovery of medical or health expenses incurred, and that said damages awarded by the jury should be limited to the amount actually paid or incurred by on behalf of Plaintiff in accordance with C.P.R.C. Section 41.0105 [Evidence Relating to Amount of Economic Damages].

3.      Defendants affirmatively plead that Plaintiff's recovery of alleged damages are barred to the extent they were caused or contributed to by Plaintiff's failure to make reasonable efforts to mitigate the same.

TAB 2

4.      Defendants further assert application of Texas Civil Practice & Remedies Code Section 18.091, requiring evidence related to loss of earnings, loss of earning capacity, and loss contribution of a pecuniary value, or loss of inheritance, to be presented in the form of a *net loss* after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.  Defendants further request that the Court instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff is subject to federal or state income taxes.

5.      Defendants asserts their rights and remedies pursuant to Chapter 41 of the TEX. CIV. PRAC. & REM. CODE and the applicable limitation on the amount of exemplary or punitive damages awarded to Plaintiff, if at all, by the jury in this matter.  In addition, but not limited by, Defendants would further assert that all claims for punitive damages be established by culpable acts or omissions and proximate causation as provided in Section 41.003 and 41.001; found unanimously by the jury as to liability and the amount of punitive damages pursuant to 41.003(d); be limited on recovery and prejudgment interest as addressed in 41.007.

6.      Further, Defendant asserts that an award of exemplary damages would be improper because it would be grossly excessive or arbitrary and would violate the Defendant's right of due process as set forth in the Fourteenth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 19.

7.      Pleading further, Defendant asserts that an award of exemplary damages would be improper because: (1) any such award would be too great when compared with the degree of reprehensibility of Defendant's alleged misconduct; (2) the disparity between any such award and the harm allegedly suffered by Plaintiff would be too great; and (3) the difference between any such award and any civil penalties, whether authorized or imposed, would be too great.

8.      Defendants plead further that an award of exemplary damages would be improper because it would be a windfall that exceeds Plaintiff's right to a remedy for Plaintiff's injury by due course of law, as set forth in Texas Constitution Article I, Section 13.

9.      Additionally, an award of exemplary damages would be improper because it would be wholly or partly compensatory and would constitute a double recovery by Plaintiff for the same alleged damages.

10.     An award of exemplary damages would be improper because it would violate the proscription against excessive fines in the Eighth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 13.

11.     An award of exemplary damages would be improper if based upon the "preponderance of evidence" standard of proof.  Due process requires that exemplary damages be proved beyond a reasonable doubt, or in the alternative, by clear and convincing evidence.  TEX. CIV. PRAC. & REM. CODE ANN. § 41.003.

12.     An award of exemplary damages would be improper without procedural safeguards greater than those afforded by the Texas Rules of Civil Procedure and the Texas Civil Practice and Remedies Code because exemplary damages are quasi-criminal in nature, and Defendants are entitled to all those protections and safeguards guaranteed by the Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution.

13.     Defendants would show that Texas law places a limitation or "cap" on the exemplary damages or statutory damages which Plaintiff seeks.  Plaintiff's claims for punitive damages are limited to: (1)(a) two times the amount of economic damages, plus (b) an amount equal to any non-economic damages, not to exceed $750,000; or (2) $200,000, whichever is greater.  TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b).

14.     Defendants would also show this Court that even if Plaintiff is entitled to an award of exemplary damages, which Defendants deny, any such award must be limited to a single-digit multiplier of actual or compensatory damages in order to comport with the requirements of the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and Texas Constitution Article I, Sections 3, 13 and 19.

15.     An award of exemplary damages in excess of a fraction of Defendant's net worth would be improper because it would violate Defendant's right of due process as set forth in the Fourteenth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 19, the Eighth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 19, and Chapter 41 of the TEX. CIV. PRAC. & REM. CODE.

**PRAYER**

**WHEREFORE,** Defendants pray for a take nothing judgment, for all costs and for such other and further relief, general or special, at law or in equity, to which Defendants may be entitled.

Respectfully Submitted,

**GAUNTT, KOEN, BINNEY & KIDD, L.L.P.**

_____/s/ Robert J. Collins_____
**KARL W. KOEN**
State Bar No.:  11652275
_Karl.Koen@gkbklaw.com_

**ROBERT J. COLLINS**
State Bar No.:  24031970
_Robert.Collins@gkbklaw.com_

14643 Dallas Pkwy., Suite 500
Dallas, Texas  75254
(972) 630-4620
(972) 630-4669 - Fax

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to all of record pursuant to the Texas Rules of Civil Procedure, as indicated below, on this the 26th day of March, 2021.

**Via ProDoc**
Mr. Derrel Luce
Mr. Brandon Luce
4600 Bosque Blvd.
Waco, Texas 76710

_____/s/ Robert J. Collins_____
**ROBERT J. COLLINS**

MCLENNAN COUNTY
3/29/2021 9:00 AM
JON R. GIMBLE
DISTRICT CLERK

Rosa Perez

CAUSE NO.:  2021-495-3

| | | |
|---|---|---|
| HUNTER MCFARLAND, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | 74th JUDICIAL DISTRICT |
| | § | |
| NEW PRIME, INC. | § | |
| and WILLIAM CHARLES MCCAMMON, | § | |
| Defendants. | § | MCLENNAN COUNTY, TEXAS |

## DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER

COME NOW NEW PRIME, INC. and WILLIAM CHARLES MCCAMMON ("Defendants") and files this First Amended Original Answer to Plaintiff's Original Petition in the above-styled and numbered case, and would respectfully show unto the Court the following:

## GENERAL DENIAL

1.     As is authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the credible evidence.

## AFFIRMATIVE DEFENSES

2.     Defendants plead they are entitled to submission and consideration of Plaintiff's recovery of medical or health expenses incurred, and that said damages awarded by the jury should be limited to the amount actually paid or incurred by on behalf of Plaintiff in accordance with C.P.R.C. Section 41.0105 [Evidence Relating to Amount of Economic Damages].

3.     Defendants affirmatively plead that Plaintiff's recovery of alleged damages are barred to the extent they were caused or contributed to by Plaintiff's failure to make reasonable efforts to mitigate the same.

---

**DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER - Page 1**

*TAB 3*

4.      Defendants further assert application of Texas Civil Practice & Remedies Code Section
18.091, requiring evidence related to loss of earnings, loss of earning capacity, and loss
contribution of a pecuniary value, or loss of inheritance, to be presented in the form of a *net loss*
after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax
law.  Defendants further request that the Court instruct the jury as to whether any recovery for
compensatory damages sought by the Plaintiff is subject to federal or state income taxes.

5.      Defendants asserts their rights and remedies pursuant to Chapter 41 of the TEX. CIV. PRAC.
& REM. CODE and the applicable limitation on the amount of exemplary or punitive damages
awarded to Plaintiff, if at all, by the jury in this matter.  In addition, but not limited by, Defendants
would further assert that all claims for punitive damages be established by culpable acts or
omissions and proximate causation as provided in Section 41.003 and 41.001; found unanimously
by the jury as to liability and the amount of punitive damages pursuant to 41.003(d); be limited on
recovery and prejudgment interest as addressed in 41.007.

6.      Further, Defendant asserts that an award of exemplary damages would be improper because
it would be grossly excessive or arbitrary and would violate the Defendant's right of due process
as set forth in the Fourteenth Amendment of the U.S. Constitution and Texas Constitution Article
I, Section 19.

7.      Pleading further, Defendant asserts that an award of exemplary damages would be
improper because: (1) any such award would be too great when compared with the degree of
reprehensibility of Defendant's alleged misconduct; (2) the disparity between any such award and
the harm allegedly suffered by Plaintiff would be too great; and (3) the difference between any
such award and any civil penalties, whether authorized or imposed, would be too great.

8.      Defendants plead further that an award of exemplary damages would be improper because it would be a windfall that exceeds Plaintiff's right to a remedy for Plaintiff's injury by due course of law, as set forth in Texas Constitution Article I, Section 13.

9.      Additionally, an award of exemplary damages would be improper because it would be wholly or partly compensatory and would constitute a double recovery by Plaintiff for the same alleged damages.

10.     An award of exemplary damages would be improper because it would violate the proscription against excessive fines in the Eighth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 13.

11.     An award of exemplary damages would be improper if based upon the "preponderance of evidence" standard of proof.  Due process requires that exemplary damages be proved beyond a reasonable doubt, or in the alternative, by clear and convincing evidence.  TEX. CIV. PRAC. & REM. CODE ANN. § 41.003.

12.     An award of exemplary damages would be improper without procedural safeguards greater than those afforded by the Texas Rules of Civil Procedure and the Texas Civil Practice and Remedies Code because exemplary damages are quasi-criminal in nature, and Defendants are entitled to all those protections and safeguards guaranteed by the Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution.

13.     Defendants would show that Texas law places a limitation or "cap" on the exemplary damages or statutory damages which Plaintiff seeks.  Plaintiff's claims for punitive damages are limited to: (1)(a) two times the amount of economic damages, plus (b) an amount equal to any non-economic damages, not to exceed $750,000; or (2) $200,000, whichever is greater.  TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b).

14.     Defendants would also show this Court that even if Plaintiff is entitled to an award of exemplary damages, which Defendants deny, any such award must be limited to a single-digit multiplier of actual or compensatory damages in order to comport with the requirements of the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and Texas Constitution Article I, Sections 3, 13 and 19.

15.     An award of exemplary damages in excess of a fraction of Defendant's net worth would be improper because it would violate Defendant's right of due process as set forth in the Fourteenth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 19, the Eighth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 19, and Chapter 41 of the TEX. CIV. PRAC. & REM. CODE.

16.     Defendants plead that Plaintiff's own acts and/or omissions contributed to the incident and Plaintiff's injuries, if any.  Defendants, therefore, invoke the doctrine of contributory negligence and proportionate responsibility.

## **PRAYER**

**WHEREFORE,** Defendants pray for a take nothing judgment, for all costs and for such other and further relief, general or special, at law or in equity, to which Defendants may be entitled.

Respectfully Submitted,

**GAUNTT, KOEN, BINNEY & KIDD, L.L.P.**

_____*/s/ Robert J. Collins*_____
**KARL W. KOEN**
State Bar No.:  11652275
*Karl.Koen@gkbklaw.com*

**ROBERT J. COLLINS**
State Bar No.:  24031970
*Robert.Collins@gkbklaw.com*

14643 Dallas Pkwy., Suite 500
Dallas, Texas  75254
(972) 630-4620
(972) 630-4669 - Fax

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was forwarded to all of record pursuant to the Texas Rules of Civil Procedure, as indicated below, on this the 29th day of March, 2021.

**Via ProDoc**
Mr. Derrel Luce
Mr. Brandon Luce
4600 Bosque Blvd.
Waco, Texas 76710

_____*/s/ Robert J. Collins*_____
**ROBERT J. COLLINS**